# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(E-Filed: February 10, 2014)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| The Estate of MARVIN GREEN, Sr., | * | No. 11-144V |
| Decedent, by and through, | * | |
| MARVIN GREEN, Jr., as Personal | * | Special Master |
| Representative | * | Hamilton-Fieldman |
| Petitioner, | * | |
| | * | Attorneys' Fees and Costs; |
| v. | * | Award in Amount to Which Respondent |
| | * | Does Not Object |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Isaiah Richard Kalinowski, Washington, DC, for Petitioner

Linda Sara Renzi, Washington, DC, for Respondent

### UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]

      On February 6, 2014, the parties filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter.  Previously, Petitioner informally submitted a draft application for attorneys' fees and costs to Respondent for review. Upon review of Petitioner's application, Respondent raised objections to certain items.  Based on subsequent discussions, Petitioner amended her application to request $ 29,000.00, an amount to which respondent does not object. The Court awards this

---

[1]  The E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)), requires that the court post this decision on its website.  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, the undersigned will delete such material from public access.

amount.

On March 8, 2011, Marvin Joseph Green, Sr., filed a petition for compensation alleging that the influenza vaccine, which is contained in the Vaccine Injury Table (the "Table"), alleging that he suffered certain injuries as a result of receiving a vaccination. Upon Mr. Green's death, Marvin Green, Jr., was substituted as Petitioner. Among the injuries Petitioner alleged that Mr. Green suffered as a result of receiving a trivalent influenza vaccination was Guillain-Barré syndrome. Petitioner received compensation based upon the parties' stipulation. *Decision,* filed October 21, 2013. Because Petitioner received compensation, he is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e).

Petitioner seeks a total of **$29,000.00** in attorneys' fees and costs for his counsel (with no out-of-pocket litigation expenses incurred by Petitioner per General Order #9). Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

> **A lump sum of $29,000.00 in the form of a check made payable to petitioner and petitioner's attorney, Isaiah Kalinowski, of the law firm Maglio, Christopher & Toale, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk shall enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.